UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLA RUIZ ORTEGA,<br><br>          Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No.:  16CV3098-JM (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF Nos. 18, 21]** |

   Plaintiff Stella Ruiz Ortega brought this action for judicial review of the Social Security Commissioner's denial of her claim for Social Security Disability Insurance Benefits and Supplemental Security Income benefits. ECF No. 1.  Before the Court are Plaintiff's Motion for Summary Judgment [ECF No. 18-1 ("Pl.'s Mot.")], Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment [ECF No. 21-1 ("Def.'s Mot.")], and Plaintiff's Reply in Support of her Motion for Summary Judgment and an Opposition to Defendant's Cross-Motion for Summary Judgment [ECF Nos. 23 ("Pl.'s Reply")].

   This Report and Recommendation is submitted to United States District Judge Jeffrey T. Miller pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.  For the reasons set forth below, this Court

1

**RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **DENIED** and Defendant's Cross-Motion for Summary Judgment be **GRANTED**.

## PROCEDURAL BACKGROUND

On June 10, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Tile XVI application for supplemental security income, alleging disability beginning on January 26, 2011. See Administrative Record ("AR") at 24. The claims were denied initially on September 24, 2013, and upon reconsideration on February 5, 2014, resulting in Plaintiff's request for an administrative hearing. Id.

On July 1, 2015, a hearing was held before Administrative Law Judge ("ALJ") Robin L. Henrie. Id. at 42-81. Plaintiff and an impartial vocational expert ("VE"), Ms. Lassoff, testified at the hearing. See id. In a written decision dated July 28, 2015, ALJ Henrie determined that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 26, 2011, through the date of the ALJ's decision. Id. at 34-35. Plaintiff requested review by the Appeals Council. Id. at 1-4. In a letter dated November 2, 2016, the Appeals Council denied review of the ALJ's ruling, and the ALJ's decision therefore became the final decision of the Commissioner. Id.

On December 28, 2016, Plaintiff filed the instant action seeking judicial review by the federal district court. See ECF No. 1. On August 8, 2017, Plaintiff filed a motion for summary judgment alleging the following errors: (1) the Residual Functional Capacity ("RFC") determination is not supported by substantial evidence and (2) the ALJ's step five determination is not supported by substantial evidence. Pl.'s Mot. at 18-23. Plaintiff asks the Court to reverse the final decision of the ALJ and remand the case for payment of benefits, or, alternatively, remand the case to the Social Security Administration "for further administrative proceedings, including de novo hearing and decision." Id. at 23. On October 23, 2017, Defendant filed a timely cross-motion for summary judgment asserting that substantial evidence supported the ALJ's finding and that the finding was free from reversible error. Def.'s Mot. at 3-8. On November 8, 2017, Plaintiff timely filed a reply in support of her motion for summary judgment

16CV3098-JM (BLM)

and opposition to Defendant's cross-motion for summary judgment. Pl.'s Reply. Defendant did not file a reply. See Docket.

## ALJ's DECISION

On July 28, 2015, the ALJ issued a written decision in which he determined that Plaintiff was not disabled as defined in the Social Security Act. Id. at 24-35. Initially, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 26, 2011, the alleged onset date. Id. at 26. He then considered all of Plaintiff's medical impairments and determined that the following impairments were "severe" as defined in the Regulations: "degenerative disc disease of the cervical spine and degenerative joint disease of the right shoulder, status post right shoulder surgical repair of right rotator cuff tear (20 CFR 404.1520(c) and 416.920(c))." Id. at 27. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Id. at 29. The ALJ concluded that Plaintiff's RFC permitted her to:

> perform the full range of sedentary unskilled work - but such work could not have required: lifting more than 10 pounds at a time, on more than an occasional basis; lifting and carrying articles weighing more than 10 pounds, on more than an occasional basis; standing or walking more than 20 minutes at one time, and no more than 2 total hours in an 8-hour workday; sitting more than 20 minutes at one time, and no more than 6 total hours in an 8-hour work day; note: regarding standing/walking and sitting, to be as comfortable as possible, claimant requires the option to make the postural changes noted above, thus there must be an option to perform work duties while standing/walking or sitting, due to the need for these postural changes; more than occasional stooping, bending, twisting or squatting; working on the floor (e.g. no kneeling, crawling or crouching); ascending or descending full flights of stairs (but a few steps up or down not precluded); overhead lifting or overhead reaching with the right upper extremity; more than frequent reaching with the right upper extremity, frequent handling with the light upper extremity, frequent fingering with the right upper extremity, or any duties requiring feeling with the light upper extremity; working around dangerous unprotected heights, machinery or chemicals

3

Id. 29-30.  The ALJ then found that Plaintiff was unable to perform her past relevant work.  Id. at 33.  At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and that Plaintiff has not been under a disability as defined in the Social Security Act since the date her application for disability was filed.  Id. at 33-34.

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision.  42 U.S.C. § 405(g).  The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error.  Id.; see also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is "more than a mere scintilla, but may be less than a preponderance."  Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) (citation omitted).  It is "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion."  Id. (citation omitted); see also Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "In determining whether the [ALJ's] findings are supported by substantial evidence, [the court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion."  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citations omitted).  Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision.  See Batson, 359 F.3d at 1193.  This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts.  See Lewis, 236 F.3d at 509.

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision.  See Batson, 359 F.3d at 1193.  Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's

4

decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. Id.

<h3 style="text-align:center;">DISCUSSION</h3>

First, Plaintiff argues that the RFC is not supported by substantial evidence. Pl.'s Mot. at 18. Plaintiff asserts that the ALJ erroneously failed to include the two pound lifting restriction given by Plaintiff's treating physician in the RFC and in the hypothetical given to the VE and improperly determined that Plaintiff's glaucoma was not severe and did not include it in the RFC. Id. at 20-21. Second, Plaintiff argues that the ALJ's step five determination is not supported by substantial evidence because the ALJ relied on VE testimony that was a response to an incomplete hypothetical that did not include all of Plaintiff's impairments. Id. at 22-23.

Defendant contends that the ALJ's decision is supported by substantial evidence, and thus should be affirmed. Def.'s Mot. at 3-8. Initially, Defendant contends Plaintiff has waived any challenge to the VE's testimony based on the ALJ's RFC finding. Id. at 3-4 n.3. Defendant further contends that the ALJ properly included the two pound weight lifting restriction in the RFC finding. Id. at 5. Finally, Defendant contends that the ALJ was correct in finding that Plaintiff's glaucoma did not meet the twelve month durational requirement necessary for a severe impairment. Id. at 8.

**A. The ALJ's RFC Finding is Supported by Substantial Evidence**

Plaintiff argues that despite giving the opinion of Plaintiff's treating physician "significant probative weight," the ALJ failed to include in the RFC or in the hypothetical given to the VE, the two pound lifting restriction given by Plaintiff's treating physician. Pl.'s Mot. at 20. Plaintiff explains that Plaintiff's treating physician opined that Plaintiff could not lift more than two pounds with her right arm. Id. The RFC included a limitation of sedentary work but Plaintiff argues that that limitation is insufficient as sedentary work includes lifting up to ten pounds and neither the RFC nor the VE limited the two to ten pound lifting to Plaintiff's left arm. Id. Plaintiff further argues that the ALJ should have included Plaintiff's visual limitations in the RFC and that the ALJ's reason for not doing so – that it did not satisfy the twelve month duration requirement –

5

is unsupported as "there is no cure for glaucoma and medicine or surgery can only stop *further* loss of vision." Id. at 21 (emphasis in original).

Defendant contends that the ALJ's decision is supported by substantial evidence, and thus should be affirmed.  Def.'s Mot. at 3-8.  Initially, Defendant contends that "Plaintiff has waived any challenge to the VE's testimony based on the ALJ's RFC finding" because she had the opportunity to raise the issue of her right arm lifting limitations at her hearing with counsel and failed to do so." Id. at 3-4 n.3.  Defendant further contends that the ALJ properly included the two pound weight lifting restriction in the RFC finding and that Plaintiff fails to provide cases or law in support of the idea that the ALJ was required "to specify the different lifting and carrying capacity of each arm in the RFC finding." Id. at 5.  Defendant notes that according to the medical evidence submitted, Plaintiff does not have any restrictions on her left arm and, therefore, is able to lift and carry up to ten pounds on an occasional basis.  Id.  Defendant also contends that the ALJ was correct in finding that Plaintiff's glaucoma did not meet the twelve month durational requirement necessary for a severe impairment because Plaintiff had only been recently diagnosed with glaucoma at the time of her hearing.  Id. at 8, n4.

1.  Waiver

Defendant contends that Plaintiff has waived any argument regarding the VE's testimony based on the ALJ's RFC finding because she failed to raise the issue at the hearing.  Def.'s Mot. at 3-4, n3.  Plaintiff does not reply to this contention.  Reply.

"When claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999).  A failure to comply with the rule will only be excused when "necessary to avoid a manifest injustice." Id.

Here, while Plaintiff failed to raise any issues regarding the ALJ's RFC or the VE's testimony at her hearing, she did raise the issues before the Appeals Council in her August 14, 2015 letter to the Appeals Council outlining her appeal of the ALJ's decision.  AR at 315-316. This is sufficient for purposes of preserving Plaintiff's issues on appeal.  See Masterson v.

Berryhill, 2017 WL 3575525, at *2 (S.D. Cal. Aug. 18, 2017) (overruling defendant's waiver objection to Magistrate Judge's Report and Recommendation where plaintiff presented her issue to the Appeals Council when she sought review of the ALJ's decision because Meanel does not specify "which level of the administrative process is the terminus for purposes of waiver" and because "recent Ninth Circuit authority disfavors Defendant's position") (citing Lamear v. Berryhill, 2017 WL 3254930, at *4 (9th Cir. Aug. 1, 2017) (rejecting the Commissioner's argument that claimant's counsel waived an issue by failing to raise it during the hearing in front of the ALJ and distinguishing the case from Meanel by noting that "[u]nlike the claimant in Meanel, Lamear raised this issue to the Appeals Council."). Accordingly, the Court **DENIES** Defendants' request that Plaintiff's arguments be deemed waived.

       2.   RFC and Treating Doctor's Opinion

          a. Legal Standard

      The opinion of a treating doctor generally should be given more weight than opinions of doctors who do not treat the claimant. See Turner v. Comm'r. of Soc. Sec., 613 F. 3d 1217, 1222 (9th Cir. 2010) (citing Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995)). If the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. Id. Even when the treating doctor's opinion is contradicted by the opinion of another doctor, the ALJ may properly reject the treating doctor's opinion only by providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Id. This can be done by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation thereof, and making findings." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (quoting Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). "The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either

an examining physician or a treating physician; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record." Townsend v. Colvin, 2013 WL 4501476, *6 (C.D. Cal. Aug. 22, 2013) (quoting Lester, 81 F.3d at 830–31); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)). If a treating doctor's opinion is not afforded controlling weight,

> [t]he ALJ must consider the 'length and the treatment relationship and the frequency of examination' as well as the 'nature and extent of the treatment relationship' . . . . In addition, the ALJ must still consider the other relevant factors such as 'the amount of relevant evidence that supports the opinion and the quality of explanation provided' and 'the consistency of the medical opinion with the record as a whole.'

West v. Colvin, 2015 WL 4935491, at *8 (D. Or. Aug. 18, 2015) (quoting Orn, 495 F.3d at 631; 20 C.F.R. §§ 416.927(c); 404.1527(c)).

### b. Analysis

On June 3, 2011, Plaintiff's treating physician, Orthopedic Surgeon Dr. Smith, opined that Plaintiff should not lift more than two pounds with her right arm. AR at 457. This opinion was confirmed by Dr. Smith on July 1, 15, August 5, 26 and September 9, 2011. Id. at 340, 387, 398, 406, 416.

In his written opinion, the ALJ noted that he gave the functional limitations imposed by Dr. Smith "significant probative weight." Id. at 31. The ALJ ultimately concluded that Plaintiff's RFC permitted her to perform the full range of sedentary work, but could not include lifting more than ten pounds on more than an occasional basis, overhead lifting or reaching with the right upper extremity, more than frequent reaching with the upper right extremity, frequent handling with the light upper extremity, frequent fingering with the right upper extremity, or any duties requiring feeling with the right upper extremity. Id. at 29-30.

The ALJ did not reject Dr. Smith's opinion regarding Plaintiff's weight lifting restriction or fail to include the limitation in Plaintiff's RFC. While the sedentary work limitation in the RFC calls for Plaintiff to be able to lift up to ten pounds, Plaintiff has not provided any evidence or

law stating that sedentary work requires a person to be able to lift ten pounds with each hand individually or that the weight lifting requirement cannot be accomplished with Plaintiff's left hand which does not have any restrictions according to the medical evidence submitted to the ALJ. Despite the lack of medical evidence in the record supporting any limitation on the use of Plaintiff's left hand[1], Plaintiff testified that she is only able to lift two pounds with both of her hands and that a half gallon of ice cream would be too heavy for her to lift with her left hand.[2] Id. at 66-67. This testimony is unsupported by the record which actually contains objective medical evidence that Plaintiff is not limited on her left side. See Id. at 480 (record from May 17, 2011, showing plaintiff's left shoulder function to be within normal limits and her left shoulder, elbow, and wrist strength at 5/5), 772 (record from June 12, 2014 stating the imaging from Plaintiff's left shoulder was normal with no significant arthropathy, acute abnormality, or soft tissue swelling). As such, there was substantial evidence supporting both the ALJ's decision to discount Plaintiff's claim that she could not lift up to ten pounds with her left hand and the RFC. See Brammer v. Astrue, 2013 WL 85065, at *5–6 (E.D. Ky. Jan. 7, 2013) (upholding the ALJ's finding that plaintiff had the RFC for light work which requires the ability to lift no more than twenty pounds where doctor found that plaintiff occasionally could lift twenty pounds with his right arm and noting that the doctor only limited plaintiff's use of his right arm and not his left and that plaintiff himself admitted to using his left arm for numerous tasks. Also noting that

---

[1] One record from June 21, 2013, shows that Plaintiff complained of pain and weakness in her left arm. AR at 667. However, the neurologic evaluation revealed "normal sensation and muscle strength 5/5 in bilateral upper extremities." Id. at 668. Another record from January 28, 2015, shows that Plaintiff complained of pain in her left arm due to intermittent burning and shooting pains. Id. at 757. Plaintiff was prescribed Gabapentin and a MRI was ordered. Id. at 758. Neither of these medical records nor any of Dr. Smith's opinions included a weight lifting limitation on Plaintiff's left hand. See Id. at 323-328, 339-340, 353-355, 384, 386-388, 405-407, 415-417, 456-457, 469-470, 474-475, 511-512, 530-531, 546-550.

[2] Plaintiff's reply does not address Defendant's contention that there are no medical records showing that Plaintiff has a limitation in the use of her left arm. Reply.

16CV3098-JM (BLM)

"the implicit premise of Plaintiff's argument—that a claimant with a lifting restriction on one arm cannot sufficiently compensate with the other arm to perform light work—is faulty.") (citing Diehl v. Barnhart, 357 F.Supp.2d 804, 810–814 (E.D. Pa. 2005) (finding claimant capable of light work even where he had severe nerve damage to his right hand, and could only "use the right arm occasionally for grasping ... or as an assist for pushing and pulling")).[3] Moreover, the Court finds that the RFC does not contradict or ignore Dr. Smith's weight lifting restrictions. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment on this issue be **DENIED**.

      3.   <u>Glaucoma</u>

    Plaintiff argues that the ALJ should have included Plaintiff's visual limitations in the RFC and that the ALJ's reason for not doing so – that the limitations did not satisfy the twelve month duration requirement – is unsupported as "there is no cure for glaucoma and medicine or surgery can only stop *further* loss of vision." Pl.'s Mot. at 21. (emphasis in original).

    Defendant contends that the ALJ was correct in finding that Plaintiff's glaucoma did not meet the twelve month durational requirement necessary for a severe impairment because Plaintiff had only been recently diagnosed with glaucoma at the time of her hearing. Def.'s Mot. at 8, n4. Defendant notes that while Plaintiff requested that the ALJ keep the record open, Plaintiff failed to submit any additional medical evidence regarding her glaucoma. <u>Id.</u>; <u>see also</u>

---

[3] <u>See also</u> <u>Stevens v. Colvin</u>, 2016 WL 2947675, at *13 (D.S.C. Apr. 19, 2016) (finding that the maximum weight limit between the ALJ's RFC and sedentary work were consistent, but noting that even if there were a difference, "that difference could be compensated for by Plaintiff's ability to use his left upper extremity to assist in lifting" as "the ALJ did not include any limitation on Plaintiff's ability to use his left upper extremity for lifting and carrying."); and <u>Beth Ann Ostrowski, Plaintiff, v. Social Security Commissioner</u>, Defendant., 2017 WL 7049175, at *9 (E.D. Mich. Dec. 21, 2017) (finding plaintiff's argument that she should be limited to sedentary work because she had a ten pound weight lifting restriction on her right side as opposed to light work which involves a twenty pound weight limit to have no merit where plaintiff had "not shown how her ability to lift on the left and to walk, stand, and sit are better suited for sedentary – and not light – work." And noting that plaintiff failed to cite any legal authority stating that the ALJ could not adopt an RFC for light work with additional restriction, including with respect to lifting.)

AR at 46-47.  Defendant contends that Plaintiff had the burden of proving that she is unable to engage in gainful activity due to her glaucoma which has lasted or is anticipated to last for a continuous period of twelve months.  Def.'s Mot. at 8, n4.

Plaintiff did not respond to Defendant's opposition on this topic.  <u>See</u> Reply.

The law requires that an impairment "has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To meet her burden at step two, Plaintiff must show both that her impairment has significantly limited her ability to do basic work activities and that she has an impairment that has lasted or is expected to last for a continuous period of at least twelve months.  <u>Sanders v. Astrue</u>, 2013 WL 1334238, at *8 (N.D. Cal. Mar. 28, 2013).  "The regulations provide that an 'impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms.'"  <u>Id.</u> (quoting 20 C.F.R. § 404.1509) (emphasis omitted).

A review of the administrative record shows that Plaintiff had been recently diagnosed with glaucoma at the time of her July 1, 2015 hearing.  AR at 46.  The exact date of the official diagnosis is unclear, but the records show that glaucoma was suspected on August 29, 2014.  <u>Id.</u> at 804; <u>see</u> <u>also</u> Pl.'s Mot. at 22 (plaintiff's was diagnosed with glaucoma in August 2014).  Plaintiff's counsel stated that Plaintiff was scheduled to have surgery on both eyes on October 2, 2015, but whether that surgery took place and the result of the surgery is unknown.  AR at 46.  Plaintiff requested that the record be kept open for additional medical records regarding her glaucoma, but no additional records were submitted.  <u>Id.</u> at 47; <u>see</u> <u>also</u> Def.'s Mot. at 8, n.4.  The records that were submitted are difficult to read, but show that Plaintiff's correctable vision was 20/30 bilaterally.  <u>Id.</u> at 803.  The records also indicate that Plaintiff ran out of eye drops sometime around April 2015 and, therefore, stopped using them as prescribed.  <u>Id.</u> at 802.

Plaintiff testified that she used eye drops to relieve the pressure in her eyes, but that the drops left her with headaches, blurry vision, and nausea.  <u>Id.</u> at 46, 59-61.  She further testified that while the doctor recommended laser surgery, he did not think that it would fix 100% of the

problem and that Plaintiff would likely have to continue using the eye drops. Id. at 60. The doctor also recommended that Plaintiff follow a diabetic diet to see if that would assist in relieving the pressure in her eyes. Id. Plaintiff noted that she experiences sensitivity to light due to the glaucoma and clarified that her symptoms began "getting severe" around October of 2014 although she was not certain of the exact month. Id. at 64.

The ALJ's finding is supported by substantial evidence and does not contain any legal error. In support of her position, Plaintiff does not argue that she had suffered from glaucoma for at least twelve months, but merely that it was expected to last for at least twelve months because "there is no cure for glaucoma and medicine or surgery can only stop *further* loss of vision." Pl.'s Mot. at 21. (emphasis in original). Assuming that is true, and Plaintiff's correctable vision prior to surgery was 20/30, there is a possibility that the surgery Plaintiff was planning to undergo in October could prevent further loss of vision and leave her with 20/30 correctable vision. Plaintiff has not submitted any evidence that 20/30 correctable vision would be an impairment that would prevent Plaintiff from working. Plaintiff also does not present evidence on whether the eye drops that caused Plaintiff's nausea, headaches, and blurred vision would be necessary after the surgery or whether other eye drops that do not cause the side effects could be used. Plaintiff testified that her doctor thought she may have to continue using eye drops, but without post-surgical medical records or clear medical opinion, the ALJ and this Court cannot know and Plaintiff has not satisfied her burden. Finally, there are no records as to whether Plaintiff tried to follow a diabetic diet as recommended by her eye doctor, and if so, whether that aided in relieving the pressure in her eyes and need for eye drops and their side effects.

Because there are no records indicating that Plaintiff's glaucoma had been an issue for at least twelve months, had worsened, or had left her impaired to the point she was unable to work, and because the records that have been provided do not show that Plaintiff's glaucoma is both severe and expected to last for at least twelve months, the Court finds that the ALJ's decision to not include Plaintiff's' visual limitations in the RFC was supported by substantial

evidence and was not a legal error.  See Lewis v. Colvin, 2015 WL 5224366, *3 (S.D. Miss. July 16, 2015) (finding that the ALJ's finding "that Plaintiff's suspected glaucoma was a non-severe impairment because it caused no more than minimal functional limitations and/or [did] not meet the requisite durational requirements of the Act" did not need further development and noting that even if a diagnosis of glaucoma had been made, there was no evidence that it would have changed plaintiff's ability to work as plaintiff's uncorrected vision was 20/20 and that there was no evidence submitted that plaintiff's blurred vision was expected to last twelve months so as to constitute a severe impairment).

**B.     The ALJ's Step Five Determination is Supported by Substantial Evidence**

Plaintiff argues that the ALJ's reliance on the VE's testimony was improper "as it was in response to an incomplete hypothetical question." Pl.'s Mot. at 22.  The specific error identified by Plaintiff was that the hypothetical posed to the VE failed to include Plaintiff's visual limitations. Id. at 23.   Plaintiff further argues that the ALJ's erroneous RFC renders the Step Five determination "unsupported by substantial evidence."  Id.  Defendant contends that because the ALJ's RFC finding was correct, "the ALJ's reliance on the VE's testimony for the hypothetical consistent with the RFC finding was also valid." Def.'s Mot. at 3-4, n. 3.  Plaintiff does not reply. Reply.

An ALJ posing a hypothetical question to a VE "must set out all the limitations and restrictions of a particular claimant." Salerno v. Astrue, 266 Fed. Appx. 570, 573 (9th Cir. 2008) (quoting Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989)).  If the assumptions in the hypothetical are not supported by the record, or do not reflect all of the claimant's limitations, the VE's testimony cannot support a finding that the claimant could perform jobs in the national economy.  Id.  However, the ALJ need only include in the hypothetical those limitations that the ALJ finds credible and that are supported by substantial evidence in the record.  Osenbrook v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001).  While the ALJ may pose to the expert a range of hypothetical questions based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial

evidence in the record as a whole.  Id. at 1163 (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)).

After considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.  AR at 33.  The ALJ stated that he based his decision on the testimony of the VE in response to the hypothetical that he posed.  Id. at 34.  The ALJ presented the VE with a hypothetical that contained numerous limitations[4] and asked the VE if Plaintiff's past work would be available and if there were any jobs that would fit with the limitations identified in the hypothetical.  Id. at 78.  In response, the VE testified that Plaintiff would be precluded from performing her past work, but that there are other jobs for such an individual, including being an order clerk, telephone quote clerk, and a sealer.  Id.  The VE further testified that the identified jobs could not be done if the hypothetical dropped Plaintiff's visual acuity down from frequent to occasional or if Plaintiff needed the option to be able to dim the lights or wear sunglasses to reduce the glare of the light.  Id. at 78-79.

As discussed above, there was substantial evidence supporting the ALJ's determination that Plaintiff's glaucoma was not severe as it had not lasted for more than twelve months.  There

---

[4] The hypothetical presented called for unskilled sedentary work where Plaintiff could not (1) lift more than ten pounds at a time, (2) lift or carry articles weighing more than ten pounds, (3) stand or walk more than twenty minutes at one time, and no more than two total hours in an eight-hour workday, (4) sit more than twenty minutes at one time, and no more than six total hours in an eight-hour workday, (5) do more than frequent reaching, handling, fingering, or any duties requiring feeling, (6) work in other than a low stress environment meaning a low production level, no working with the general public and no working with crowds of co-workers, only "occasional" contact with supervisors and co-workers, but still have the ability to respond appropriately to supervision, co-workers and usual, routine work situations, and the ability to deal with only "occasional" changes in a routine work setting, (7) work at more than a low memory level meaning the ability to understand remember and carry out only "simple" work instructions, that ability to remember and deal with only "rare" changes in work instructions from week to week, and the ability to remember and use good judgment in making only "simple" work related decisions, and (8) do any more than "frequent" near acuity visual work duties.  AR at 311.

1 also was substantial evidence supporting the ALJ's conclusion that Plaintiff's vision limitations
2 due to her newly diagnosed glaucoma were not expected to last for more than twelve months
3 since there were no medical records establishing that the surgery was unsuccessful in relieving
4 the problems, that Plaintiff would have to continue taking the medication with negative side
5 effects and that no other medication or medical treatment could be used to relieve the side
6 effects, that the dietary changes were not helpful in relieving the symptoms, or that Plaintiff's
7 vision and or the associated medication side effects resulted in a severe limitation on Plaintiff's
8 ability to work. Because there was substantial evidence supporting the ALJ's conclusion that
9 Plaintiff's glaucoma was not a severe condition, the ALJ did not err by omitting the limitations
10 on Plaintiff's vision due to Plaintiff's glaucoma. Accordingly, Plaintiff's argument that the
11 hypothetical posed to the VE was incomplete because it failed to include Plaintiff's visual
12 limitations which lead to a Step Five determination that was unsupported, is without merit and
13 the Court **RECOMMENDS** that Defendants' motion for summary judgment on this issue be
14 **GRANTED**.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

**CONCLUSION**

For the reasons set forth above, this Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **DENIED** and Defendant's Cross-Motion for Summary Judgment be **GRANTED**.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **February 16, 2018**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 2, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  2/2/2018

Hon. Barbara L. Major
United States Magistrate Judge

16CV3098-JM (BLM)