UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STELLA RUIZ ORTEGA, | CASE NO. 16cv3098 JM(BLM) |
|---|---|
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING OBJECTION |
| v. | |
| NANCY A. BERRYHILL, Acing Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Stella Ruiz Ortega objects to the Report and Recommendation for Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment ("R & R"). Defendant did not file a response to the objection.[1] For the reasons set forth below, the court adopts the R & R in its entirety, denies Plaintiff's objection, and instructs the Clerk of Court to close the file.

**Legal Standards**

<u>Review of Social Security Determinations</u>

An unsuccessful applicant for social security disability benefits may seek judicial review of a final agency decision. 42 U.S.C. § 405(g). A reviewing court must affirm the agency's decision if it is supported by substantial evidence and applies the correct legal standards. <u>Id.</u>; <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir.2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." <u>Tidwell v.</u>

---

[1] The court incorporates the R & R as if fully set forth herein.

Apfel, 161 F.3d 599, 601 (9th Cir.1998). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir.1995). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002).

Review of the Magistrate Judge's R & R

A district judge must "make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3); see United States v. Remsing, 874 F.2d 614, 617 (9th Cir.1989). The district judge "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1).

**The Objection**

Plaintiff raises a single objection to the R & R: "Whether or not a hypothetical individual may be able to compensate with a non-dominant fully-functional upper extremity to meet an exertional requirement of a given occupation should be a question left to vocational expert testimony." Here, the hypothetical propounded by the Administrative Law Judge ("ALJ") to the Vocational Expert ("VE") limited Plaintiff in her lifting ability to ten pounds.[2] However, Plaintiff claims that her dominant right

---

[2] The hypothetical presented called for unskilled sedentary work where Plaintiff could not (1) lift more than ten pounds at a time, (2) lift or carry articles weighing more than ten pounds, (3) stand or walk more than twenty minutes at one time, and no more than two total hours in an eight-hour workday, (4) sit more than twenty minutes at one time, and no more than six total hours in an eight-hour workday, (5) do more than frequent reaching, handling, fingering, or any duties requiring feeling, (6) work in other than a low stress environment meaning a low production level, no working with the general public and no working with crowds of co-workers, only "occasional" contact with supervisors and co-workers, but still have the ability to respond appropriately to supervision, co-workers and usual, routine work situations, and the ability to deal with only "occasional" changes in a routine work setting, (7) work at more than a low memory level meaning the ability to understand remember and carry out only "simple" work instructions, that ability to remember and deal with only "rare" changes in work instructions from week to week, and the ability to remember and use good judgment in making only "simple" work related decisions, and (8) do any more than "frequent" near acuity visual work duties. AR at 311.

arm, according to Dr. Smith, is limited to lifting two pounds, even though she is able to compensate for that weakness and lift ten pounds with her left arm. Plaintiff contends that this limitation (i.e. the ability of an individual to compensate when the dominant arm is able to lift two pounds and the other ten pounds ) must be resolved by a VE, by means of a hypothetical, and not by means of an ALJ's determination.

When an ALJ relies on the testimony of a vocational expert, the judge must propound a hypothetical that incorporates all of the medical and vocational limitations of the claimant as set forth in the record. Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999), 180 F.3d at 1101. If a hypothetical fails to reasonably reflect each of the claimant's limitations supported by "substantial evidence," the expert's answer has no evidentiary value. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984); See also Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir.1988).

The hypotheticals propounded by the ALJ sought to define or categorize Plaintiff's Residual Functional Capacity ("RFC").[3] A determination of RFC is based, among other things, upon a claimant's ability to perform sedentary work defined as:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §404.1567.

Here, the ALJ afforded Dr. Smith's testimony "significant probative weight." (AR 31). Dr. Smith evaluated Plaintiff and opined that Plaintiff had "limited use of the right arm" and noted a lifting restriction of two pounds with the right arm. (AR 656). Despite the right arm limitation, Plaintiff retained the ability "to perform fine and gross

---

[3] The Commissioner has established a five-step inquiry for determining eligibility for disabilities. At the fifth step, if an ALJ determines that a claimant suffers from a nonexertional impairment that prevents him or her from performing past work and the full range of other available work, the Commissioner must produce expert vocational testimony or other similar evidence to establish that jobs exist in the national economy that the applicant can perform. 20 C.F.R. § 404.1520; see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Here, the commissioner met this burden of proof at Step 5.

movements effectively." AR 29. Notably, Plaintiff does not explain how the ALJ's RFC determination that Plaintiff could lift no more than ten pounds is not supported by substantial evidence. The record does not indicate that Plaintiff had any limitations on her left arm. Furthermore, Dr. Smith opined that Plaintiff could return to work as of October 2011, with limited use of the right hand and limitations in lifting, pulling, and pushing. (AR 656). Plaintiff also testified that she "mostly" used her left hand to lift and carry things, and used her right hand to "steady[]" her left hand (AR 66). Plaintiff has the initial burden to show that the limitation in her right arm rises to a level that reasonably may disqualify her from performing sedentary work, consisting of occasionally lifting up to ten pounds. See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (claimant carries burden to present objective medical evidence of limitation). Plaintiff's testimony and the medical record indicate that the ALJ accounted for Plaintiff's impairments by considering Dr. Smith's medical evidence, among other medical evidence, and concluding that Plaintiff could occasionally lift ten pounds, thereby satisfying the lifting prerequisite to qualify for sedentary work. Plaintiff does not dispute the finding that Plaintiff could occasionally lift ten pounds (or that she satisfied the criteria for sedentary work). See 20 C.F.R. §404.1567.

In reliance upon Wasilauskis v. Astrue, No. 08-284BW, 2009 WL 861492 (D. Me. Mar. 30, 2009), Plaintiff contends that the ALJ was required to ask the VE whether Plaintiff's ability to compensate for the weakness in her right arm impairs her ability to perform sedentary work. Wasilauskis alleged a disability arising from a left-hand degloving injury, T-11 disc wedging, anxiety disorder, and depressive disorder. Id at *1. Plaintiff also had lost the ability to use his dominant left hand "for frequent fine or gross manipulation." The VE was not asked if an individual with manipulation disabilities would qualify for the positions identified by the VE (courier/messenger, ticket taker, parking lot attendant, and dowel inspector). At the time of oral argument, the Commissioner conceded that plaintiff's RFC did not permit him to perform three of the four jobs. However, the Commissioner asserted that an individual with

plaintiff's limitations qualified for the position of dowel inspector, as defined in the Dictionary of Occupational Titles ("DOT"). 20 C.F.R. §669.687-14. As the position of dowel inspector required frequent handling, or gross manipulation, the court concluded that this limitation required the ALJ to ask the VE to explain how plaintiff is qualified for a position requiring gross manipulation when plaintiff's dominant hand prevented him from using fine or gross motor skills. The matter was remanded for further proceedings.

Here, Plaintiff makes no showing, or suggestion, that her limitations prevented her from performing any of the 300,000 available sedentary unskilled positions identified by the VE (Food and Beverage Clerk, DOT §209.567-014; Telephone Quotation Clerk, DOT §237.367-046; and Sealer, DOT §559.687-014). (AR 34). In Wasilauskis, the plaintiff made a specific showing that his manipulation limitations could prevent him from performing the job of dowel inspector because that position required him to frequently manipulate objects. Because the manipulation impairment impacted plaintiff's ability to perform a job requiring frequent manipulation, the ALJ erred by not presenting the VE with a hypothetical reflecting this impairment.

In Diehl v. Barnhart, 357 F.Supp.2d 804 (E.D. Pa. 2005), the claimant suffered from numerous impairments, including one arising from a fall through a plate glass window which resulted in the limited use of his impaired right arm. The VE cited numerous types of jobs available to the claimant, including those jobs appropriate for "individuals who have limited upper extremity use to one arm." Id. at 821. The issue in Diehl concerned whether the DOT definition conflicted with the VE testimony. As in Wasilauskis, the claimant's handling impairment had a direct bearing on the DOT definitions and, therefore, was an issue properly presented to the VE.

Here, in contrast, Plaintiff does not identify how her limitation may prevent her from performing any position identified by the VE, nor does her claim undermine the ALJ's determination that she could perform the full range of sedentary unskilled work, with the requisite and stated limitations. Without some showing in the record that the

1 | purported limitation has a direct bearing on the claimant's ability to perform any of the
2 | sedentary unskilled positions identified by the VE, Plaintiff cannot prevail on her claim
3 | for Title II benefits. Consequently, the evidentiary record supports entry of judgment
4 | in favor of Defendant and against Plaintiff.

In sum, the court denies Plaintiff's Objection, adopts the R & R in its entirety, and instructs the Clerk of Court to close the file.

**IT IS SO ORDERED.**

DATED: April 5, 2018

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties